UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARK SLADE HUGHES** | * | **CIVIL ACTION NO. 6:10-1570** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **GUEYDAN POLICE DEPARTMENT, ET AL.** * | | **MAGISTRATE JUDGE HILL** |

<u>REPORT AND RECOMMENDATION</u>

Pending before the undersigned for Report and Recommendation is the Motion to Dismiss on Behalf of the Gueydan Police Department. [rec. doc. 8]. The Motion been referred to the undersigned for report and recommendation. [rec. doc. 14].

In his Complaint, plaintiff, Mark Slade Hughes, asserts that defendants, the Gueydan Police Department ("GPD"), Former Chief of Police Blake Hebert ("Hebert"), Chief of Police Stoney Broussard ("Broussard"), and Officers Jesse Ewing ("Ewing") and Glenn Mallet ("Mallet"), violated his civil rights when Officers Ewing and Mallet unlawfully entered his property, falsely arrested him and unlawfully searched and seized property from his residence. In the instant motion, the GPD contends that it lacks capacity to be sued and, accordingly, plaintiff has no cause of action against it. The GPD asserts that it "is not a separate and distinct body corporate . . . but rather is merely a division of the greater corporate juridical body, . . . the Town of Gueydan".

<u>LAW AND ANALYSIS</u>

For a plaintiff to sue a city department, that department must enjoy a separate legal existence from the city. *Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th

Cir.1991). Parties must have the capacity to sue or be sued. Fed. R. Civ. P. 17. The same is true under Louisiana law. Article 24 of the Louisiana Civil Code provides in relevant part: "A juridical person is an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. *See Boudreaux v. Bourgeois,* 1999 WL 804080, *3 (E.D. La. 1999) *citing Norwood v. City of Hammond*, 1999 WL 777713 at *2-3 (E.D. La. 1999).

The undersigned finds no law, Constitutional, statutory, or otherwise, that confers upon the GPD the authority to sue or be sued, or that entitles it to function independently of the Town of Gueydan. Thus, the undersigned concludes that the GPD is a department within the Town of Gueydan, and not an individual, corporation, partnership, or unincorporated association, and, as such, has no independent legal existence or the capacity to be sued. The affidavit of Gueydan Mayor Craig R. Hensgens, attached to the Motion, supports this conclusion.

In so concluding, the undersigned observes that it is well established in a number of other jurisdictions that police departments do not have a separate existence from the town or city in which they operate and are not separate legal entities which can be sued.[1] Thus, federal courts have consistently dismissed § 1983 claims against these entities,

---

[1] *See Darby,* 939 F.2d at 313 (under Texas law, police department in city organized under home rule charter may not be sued); *Norwood,* 1999 WL 777713 at *2-3; *Causey v. Parish of Tangipahoa*, 167 F. Supp.2d 898, 909 (E.D. La. 2001); *Dunmars v. City of Chicago*, 22 F. Supp.2d 777, 780-81 (N.D. Ill. 1998); *Cooper v. Parrish*, 20 F. Supp.2d 1204, 1211 (W.D. Tenn. 1998), *aff'd in part, rvd and vacated in part on other grounds*, 203 F.3d 937 (6th Cir. 2000); *London v. Hamilton,* 1996 WL 942865 at *8 (W.D. N.C. 1996); *Boudreaux,* 1999 WL 804080 at *3 (same).

specifically police departments.[2]

The defendants concede that the GPD is considered part of the Town of Gueydan. However, the Town of Gueydan is not a named defendant herein. Accordingly, upon Motion, the undersigned will grant plaintiff leave to amend his pleadings naming the appropriate entity, the Town of Gueydan, as the proper party defendant. *See Parker v. Fort Worth Police Department*, 980 F.2d 1023, 1026 (5th Cir. 1993) (although a police department may not be a proper party defendant, that conclusion does not constitute a proper ground for dismissing a plaintiff's claims. Rather, in the absence of a showing of prejudice, leave to amend to name the proper party defendant rather than dismissal is appropriate).

Based on the foregoing reasons, it is recommended that the Motion to Dismiss [rec. doc. 8] be **GRANTED** and that, accordingly, the Gueydan Police Department be **DISMISSED WITH PREJUDICE** from this lawsuit, reserving plaintiff's right to amend

---

[2] *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) (plaintiff's § 1983 claim against sheriff's department must be dismissed because sheriff's department was not suable entity). The Court in *Dean* noted that the "question here is not whether the Jefferson County Sheriff's Department is a 'person' for the purposes of liability under *Monell* and § 1983, but whether the Department is a legal entity subject to suit." *Dean*, 951 F.2d at 1214.
  *See also Wright v. El Paso County Jail*, 642 F.2d 134, 136 n. 3 (5th Cir. 1981) (the county rather than the county jail is the legal entity with capacity to be sued); *Cozzo v. Tangipahoa Parish Counsel,* 279 F.3d 273, 283 (5th Cir. 2002) *citing Porche v. St. Tammany Parish Sheriff's Office,* 67 F. Supp.2d 631, 635 (E.D. La. 1999) (recognizing that "a sheriff's office is not a legal entity capable of being sued, Louisiana sheriffs are amenable to suit"); *Piearson v. Corrections Center Lafayette Parish,* 2006 WL 4012476, * (W.D. La. 2006) (same); *Walker v. Iberia Parish Sheriff Department,* 2007 WL 2127706, *1 (W.D. La. 2007) (same); *Pierre v. Schlemmer*, 932 F. Supp. 278, 280 (M.D. Fla. 1996) (dismissing § 1983 claim against police department); *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993) (same); *Norwood, supra.*(same) *; Boudreaux, supra.* (same); *Causey, supra.* (same); *Dillon v. Jefferson County Sheriff's Dept.,* 973 F. Supp. 626, 628 (E.D. Tex. 1997) (narcotics task force not a separate legal entity amenable to suit); *Jacobs v. Port Neches Police Department*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (dismissing § 1983 claim against a sheriffs department); *Rideau v. Jefferson County*, 899 F. Supp. 298, 301 (E.D. Tex. 1995) *citing Alcala v. Dallas County Sheriff*, 988 F.2d 1210 (5th Cir. 1993) (same).

his pleadings to name the Town of Gueydan as the proper party defendant.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 30th day of December, 2010, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE