UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARK SLADE HUGHES** | * | **CIVIL ACTION NO. 6:10-1570** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **GUEYDAN POLICE DEPARTMENT, ET AL.** | * | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Pending before the Court is the Motion to Strike Penalty, Punitive or Exemplary Damages [rec. doc. 9] filed by Gueydan Former Chief of Police Blake Hebert ("Hebert"), Gueydan Chief of Police Stoney Broussard ("Broussard"), and Officers Jesse Ewing ("Ewing") and Glenn Mallet ("Mallet") in their individual and official capacities. By this Motion, these defendants seek to strike plaintiff's claims for punitive damages. The Motion been referred to the undersigned for report and recommendation. [rec. doc. 14].

For the following reasons, it is recommended that the Motion to Strike [rec. doc. 9] be **GRANTED in part and DENIED in part**, and, accordingly, plaintiff's claims for punitive damages asserted under Louisiana state law, and plaintiff's claims for punitive damages under federal law against Former Chief Hebert, Chief Broussard, Officer Ewing and Officer Mallet, in their official capacities, should be **Stricken,** and plaintiff's claims for punitive damages under federal law against Former Chief Hebert, Chief Broussard, Officer Ewing and Officer Mallet, in their individual capacities, should remain pending.

## STATEMENT OF CLAIM

Before the court is a civil rights action filed by plaintiff, Mark Slade Hughes. In his Complaint, plaintiff names the Gueydan Police Department ("GPD"), Former Chief of Police Blake Hebert ("Hebert"), Chief of Police Stoney Broussard ("Broussard"), and Officers Jesse Ewing ("Ewing") and Glenn Mallet ("Mallet"). Plaintiff alleges that his civil rights were violated when Officers Ewing and Mallet unlawfully entered his property, falsely arrested him and unlawfully searched and seized property from his residence. Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 and Louisiana state law. In his Prayer for Relief, plaintiff prays for an award of punitive damages, against all defendants, without specifying whether those damages are sought against any particular defendant in any particular capacity. [rec. doc. 1, ¶ 39 (h) and Prayer for Relief].

With respect to Former Chief Hebert and Chief Broussard, plaintiff alleges that they were "deliberately indifferent to the clear violations of Mark Slade Hughes' rights" and "refused to hear or allow" plaintiff to lodge a complaint regarding the actions of Officers Ewing and Mallet. [rec. doc. 1, ¶ ¶ 30 and 34].

## LAW AND ANALYSIS

Fed. R. Civ. P. 12(f) allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Cambridge Toxicology Group, Inc. v. Exnicios,* 495 F.3d 169, 178 (5th Cir. 2007). "Partly because of the practical difficulty of deciding cases without a factual record it is well established that the

action of striking a pleading should be sparingly used by the courts . . . It is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962).

"A disputed question of fact cannot be decided on motion to strike." *Id*. Moreover, "when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike." *Id*. Under such circumstances, it is proper for courts to leave the sufficiency of the allegations for determination on the merits. *Id*.

The Supreme Court has held unequivocally that "[a] municipality is immune from liability for punitive damages in a § 1983 action." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270-71 (1981). Thus, while not presently named as a defendant, any allegations seeking recovery of punitive damages against the Town of Gueydan under federal law would be stricken from the pleadings as a matter of law.[1]

The Supreme Court has also held that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 161 (1985). Plaintiff is barred from recovering punitive damages against an official acting in his official capacity. Accordingly, plaintiff cannot recover punitive damages under federal law

---

[1] The same would be true as to the Gueydan Police Department, which has been named as a defendant herein, if it were a proper juridical entity capable of being sued. However, the undersigned has, this date, recommended that the Gueydan Police Department be dismissed from this lawsuit, reserving plaintiff's right to amend his pleadings to name the Town of Gueydan as the proper party defendant.

against Former Chief Hebert, Chief Broussard, Officer Ewing or Officer Mallet, in their official capacities, and the defendants' motion should be granted in that respect.

The Supreme Court has recognized, however, that punitive damages are recoverable under federal law against municipal employees when sued in their individual capacities. *See Smith v. Wade*, 461 U.S. 30, 35 (1983). Plaintiff's Complaint alleges that Officers Ewing and Mallet acted personally to violate the civil rights of plaintiff when they unlawfully entered plaintiff's property, falsely arrested him and unlawfully searched and seized property from his residence. These allegations, if proven at trial, are sufficient to support an award of punitive damages against Officers Ewing and Mallet, under federal law, in their individual capacities. The Motion to Strike should therefore be denied as to plaintiff's claims for punitive damages under federal law against Officer Ewing and Officer Mallet in their individual capacities.

Former Chief Hebert and Chief Broussard contend that there are insufficient factual allegations to support a finding of personal or individual involvement necessary to support a claim for punitive damages against them. Read liberally, plaintiff's Complaint alleges personal involvement by Former Chief Hebert and Chief Broussard in an alleged constitutional violation by refusing to hear or allow the filing of a complaint against Officers Ewing and Mallet, and by failing to take action against these officers despite the alleged "clear violations" of plaintiff's constitutional rights. While these allegations may not survive an appropriate dispositive Motion, given that the action of striking a pleading is a drastic

4

remedy which should be sparingly used by the courts and resorted to only when required for the purposes of justice, the defendants' Motion to Strike should be denied as to plaintiff's claims for punitive damages, under federal law, against Former Chief Hebert and Chief Broussard in their individual capacities.

Furthermore, Former Chief Hebert and Chief Broussard have not filed a Motion challenging the sufficiency of the plaintiff's allegations. Instead they ask this court to make a factual and legal determination as to plaintiff's right of recovery on a Motion to Strike. Factual determinations may not be made on a motion to strike. As such, the Motion should be denied as to plaintiff's claim for punitive damages under federal law, against Former Chief Hebert and Chief Broussard, in their individual capacities, leaving the sufficiency of plaintiff's allegations for determination on the merits, or pursuant to a properly made and supported dispositive motion.

To the extent that plaintiff seeks an award of punitive damages on his claims asserted under Louisiana state law, the defendants' Motion to Strike should be granted. It is well settled Louisiana law that punitive damages are not allowed in civil cases unless specifically provided for by statute. In the absence of such a specific statutory provision, only compensatory damages may be recovered. *See International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La.1988). Nowhere in the pleadings does plaintiff identify a statutory provision which allows recovery of punitive damages for the state law claims that

5

plaintiff asserts against any of the defendants. Accordingly, the Court should strike plaintiff's claims for punitive damages under the state law claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 30th day of December, 2010, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

6