UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**MARK SLADE HUGHES**  *CIVIL ACTION NO. 6:10-1570

**VERSUS**  *JUDGE DOHERTY

**GUEYDAN POLICE DEPARTMENT, ET AL.**  *MAGISTRATE JUDGE HILL

### REPORT AND RECOMMENDATION

Pending before the Court is the Motion to Strike Penalty, Punitive or Exemplary Damages [rec. doc. 26] filed by the Town of Gueydan. By this Motion, the Town of Gueydan seeks to strike plaintiff's claim for punitive damages. The Motion been referred to the undersigned for report and recommendation.

For the following reasons, it is recommended that the Motion to Strike [rec. doc. 26] be **GRANTED**, and accordingly, plaintiff's claim for punitive damages against the Town of Gueydan, asserted under both Federal and Louisiana state law, should be **Stricken**.

### STATEMENT OF CLAIM

Before the court is a civil rights action filed by plaintiff, Mark Slade Hughes. In his original Complaint, plaintiff named the Gueydan Police Department ("GPD"), Former Chief of Police Blake Hebert ("Hebert"), Chief of Police Stoney Broussard ("Broussard"), and Officers Jesse Ewing ("Ewing") and Glenn Mallet ("Mallet").

In his original Complaint, plaintiff alleges that his civil rights were violated when Officers Ewing and Mallet unlawfully entered his property, falsely arrested him and

unlawfully searched and seized property from his residence. Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 and Louisiana state law. In his Prayer for Relief, plaintiff prays for an award of punitive damages, against all defendants, without specifying whether those damages are sought against any particular defendant in any particular capacity. [rec. doc. 1, ¶ 39 (h) and Prayer for Relief].

The GPD was dismissed from this lawsuit, reserving the plaintiff's right to amend his pleadings to name the Town of Gueydan as the proper party defendant. [rec. doc. 17]. Thereafter, the plaintiff filed a First Amended Complaint naming the Town of Gueydan, in which he seeks "general and special damages, attorney's fees, costs, and other appropriate relief." [rec. doc. 22].

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 12(f) allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Cambridge Toxicology Group, Inc. v. Exnicios,* 495 F.3d 169, 178 (5th Cir. 2007). "Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts . . . It is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir.1962).

"A disputed question of fact cannot be decided on motion to strike." *Id*. Moreover, "when there is no showing of prejudicial harm to the moving party, the courts

generally are not willing to determine disputed and substantial questions of law upon a motion to strike." *Id*. Under such circumstances, it is proper for courts to leave the sufficiency of the allegations for determination on the merits. *Id.*

The Supreme Court has held unequivocally that "[a] municipality is immune from liability for punitive damages in a § 1983 action." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270-71 (1981). Thus, any allegations seeking recovery of punitive damages against the Town of Gueydan under federal law should be stricken from the pleadings as a matter of law.

To the extent that plaintiff seeks an award of punitive damages on his claims asserted under Louisiana state law, the Motion to Strike should likewise be granted. It is well settled Louisiana law that punitive damages are not allowed in civil cases unless specifically provided for by statute. In the absence of such a specific statutory provision, only compensatory damages may be recovered. *See International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La.1988). Nowhere in the pleadings does plaintiff identify a statutory provision which allows recovery of punitive damages for the state law claims that plaintiff asserts against any of the defendants. Accordingly, any allegations seeking recovery of punitive damages against the Town of Gueydan under Louisiana state law should be stricken from the pleadings.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A

party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 14th day of March, 2011, at Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE